1   Skip Allen Feild
    LAW OFFICE OF SKIP ALLEN FEILD
2   State Bar No. 221217
    6809 Indiana Avenue, #153
3   Riverside, CA 92504
    Phone: 951-750-2502
4   Fax: 951-667-8170

5   Attorney for Defendants
    Epifania Nicolas, and
6   Epifania Nicolas DDS, Inc.

7

8                          UNITES STATED DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA

10  ANA ILAGAN,                          )   Case No.: 2:16-cv-08119-ODW-MRW
                                         )
11          Plaintiff,                   )   **STIPULATED PROTECTIVE ORDER**
                                         )
12      vs.                              )
                                         )
13                                       )
    EPIFANIA NICOLAS, et al.,            )
14                                       )
            Respondent.                  )
15                                       )
                                         )
16  _____ )   (MRW VERSION 2/17)

17  1.  INTRODUCTION

18      1.1. PURPOSES AND LIMITATIONS - Discovery in this action is likely to involve

19          production of confidential, proprietary, or private information for which special

20          protection from public disclosure and from use for any purpose other than prosecuting

21          this litigation may be warranted.  Accordingly, the parties hereby stipulate to and

22          petition the Court to enter the following Stipulated Protective Order.  The parties

23          acknowledge that this Order does not confer blanket protections on all disclosures or

24          responses to discovery and that the protection it affords from public disclosure and use

25          extends only to the limited information or items that are entitled to confidential treatment

26          under the applicable legal principles.  The parties further acknowledge, as set forth in

27          Section 12.3, below, that this Stipulated Protective Order does not entitle them tofile

28

                                              1

confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2. GOOD CAUSE STATEMENT - Plaintiff was an employee of defendant. Defendant is a California licensed dentist. Plaintiff has alleged that the defendant was fraudulently billing medicare for dental procedures during plaintiff's employment. Plaintiff further alleges that she confronted defendant about the fraudulent billing and that subsequently plaintiff terminated defendants employment because defendant complained about the fraudulent billing. Thus, the individual medical charts and billing records of defendant's patients are central to this proceeding. As such, the federal privacy requirements of HIPPA are triggered since these are medical records. As Defendant is a medical provider she is a covered entity under HIPPA. As provided by HIPPA, in order for these documents to be provided in Judicial and Aministrative Proceedings there must be a protective order.

2. DEFINITIONS

2.1. Action: This pending federal lawsuit.

2.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this order.

2.3. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4. Counsel: Outside Counsel or Record and House Counsel (as well as their support staff).

2.5. Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner which it is generated, stored, or maintained (including, among other things,

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8. House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11.    any party to this Action, including all of its officers, directors, emplyees, consultants, retained experts, and Outside Counsel of Record( and their support staffs).

2.12.    Production Party: a party or non-party that produces disclosure or discovery material in thiss action

2.13.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.    Protected Material: any disclosure or discovery material that is designated as CONFIDENTIAL.

2.15.    Receiving Party: a Party that receives disclosure or discovery metrial prom a producing party.

3. SCOPE – The protections conferred by this stipulation and order cover not only protected material (as defined above), but also (1) any information copied or extracted from protected

STIPULATED PROTECTIVE ORDER

material; (2) all copies, excerpts, summaries, or compilations of protected material; and (3) any testimony, confversations, or presentations by parties or their counsel that might reveal protected material.

    3.1.1.   Any use of protected material at trial will be governed by the orders of the trial judge. This Order does not govern the use of protected material at trial.

4. DURATION – Even after final disposition of this litigation, the confidentiality obligations imposed by this order will remain in effect until a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1. Exercise of Restrain and Care in Designating Material for Protection

        5.1.1.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        5.1.2.   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.1.3.   If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection, that Designating Party must

promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. Manner and Timing of Designations: Except as otherwise provided in this Order (see,

e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

disclosure or discovery material that qualifies for protection under this Order must be

clearly so designated before the material is disclosed or produced.

5.2.1.   Designation in conformity with this Order requires:

5.2.1.1.     for information in documentary form(e.g., paper or electronic documents,

but exluding transcripts of depositions or other pretrial or trial proceedings),

that the Producing Party affix at a minimum, the legend "CONFIDENTIAL"

(hereinafter "CONFIDENTIAL legend"), to each page that contains protected

material.  If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected

portions(s) (e.g., by making appropriate markings in the margins).

5.2.1.2.     A Party or Non-Party that makes original documents available for

inspection need not designate them for protection until after the inspecting

Party has indicated which documents it would like copied and produced.

During the inspection and before the designation, all of the material made

available for inspection will be deemed "CONFIDENTIAL."  After the

inspecting Party has identified the documents it wants copied and produced,

the Producing Party must determine which documents, or portions thereof,

qualify for protection under this Order. Then, before producing the specified

documents, the Producing Party must affix the "CONFIDENTIAL legend" to

each page that contains Protected Material.  If only a portion or portions of the

material on a page qualifies for protection, the Producing Party also must

STIPULATED PROTECTIVE ORDER
2:16-cv-08119-ODW-MRW

clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      5.2.1.3.   for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

      5.2.1.4.   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3. Inadvertent Failures to Designate: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of challenges: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2. Meet and Confer: The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3. The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the

STIPULATED PROTECTIVE ORDER
2:16-cv-08119-ODW-MRW

level of protection to which it is entitled under the Producing Party's designation until

the Court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1. Basic Principles:

      7.1.1.  A Receiving Party may use Protected Material that is disclosed or produced by

         another Party or by a Non-Party in connection with this Action only for prosecuting,

         defending, or attempting to settle this Action.  Such Protected Material may be

         disclosed only to the categories of persons and under the conditions described in this

         Order. When the Action has been terminated, a Receiving Party must comply with

         the provisions of section 13 below (FINAL DISPOSITION).

      7.1.2.  Protected Material must be stored and maintained by a Receiving Party at a

         location and in a secure manner that ensures that access is limited to the persons

         authorized under this Order.

   7.2. Disclosure of "CONFIDENTIAL" Information or Items: Uneless otherwise ordered by

      the court or permitted in writing by the Designating Party, a Receiving Party may

      disclose any information or item designated "CONFIDENTIAL" only to:

      7.2.1.  the Receiving Party's Outside Counsel of Record in this Action, as well as

         employees of said Outside Counsel of Record to whom it is reasonably necessary to

         disclose the information for this Action;

      7.2.2.  the officers, directors, and employees (including House Counsel) of the Receiving

         Party to whom disclosure is reasonably necessary for this Action;

      7.2.3.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

         reasonably necessary for this Action and who have signed the "Acknowledgment

         and Agreement to Be Bound" (Exhibit A);

      7.2.4.  the Court and its personnel;

      7.2.5.  court reporters and their staff;

7.2.6. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7.2.8. during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

7.2.9. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATIONS:

8.1. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

8.1.1. promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

8.1.2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

8.1.3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.1.3.1. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION:

9.1. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

9.2.1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

STIPULATED PROTECTIVE ORDER
2:16-cv-08119-ODW-MRW

9.2.2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

9.2.3. make the information requested available for inspection by the Non-Party, if requested.

9.3. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

9.3.1. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:

10.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1.    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

12.4.    FINAL DISPOSITION

13. After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

STIPULATED PROTECTIVE ORDER
2:16-cv-08119-ODW-MRW

the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: 7-9-17

SKIP ALLEN FEILD
Attorney for Defendants,
Epifania Nicolas, and
Epifania Nicolas DDS, Inc.

Dated: July 9, 2017

Cesar S. Natividad, Esq.
THE NATIVIDAD LAW FIRM
Attorney for Plaintiff,
Ana Ilagan

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: August 11, 2017

HON. MICHAEL R. WILNER
United States Magistrate Judge

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am a resident of the aforesaid county and am over the age of eighteen years. I am not a party to this action. My business address is 6809 Indiana Ave., #154, Riverside CA 92506.

On the date set forth below, I served the foregoing document described as: **STIPULATED PROTECTIVE ORDER**
on the interested parties to this action in the manner described below and as addressed as follows:

Cesar S. Natividad, Esq.
VIA EMAIL csnlaw@yahoo.com
THE NATIVIDAD LAW FIRM
3550 Wilshire Blvd, Suite 655
Los Angeles CA 90010

☒      **BY U.S. MAIL:** I enclosed the document(s) listed above in a sealed envelope or package, addressed to the person(s) at the address(es) set forth above and placed the envelope or package for collection and mailing, following this firm's ordinary business practices. I am readily familiar with this firm's practice for collecting and processing of documents for mailing. Under that practice, on the same day that document(s) is/are placed for collection and mailing, it/they is/are deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with postage fully prepaid.

☒      **BY FAX TRANSMISSION:** I faxed the document(s) to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission containing the time, date, and sending fax machine telephone number, which I printed out, is available upon request.

☐      **BY HAND-DELIVERY:** I served the document(s) by placing it/them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. A copy of the professional messenger's proof of delivery is available upon request.

☒      **BY E-MAIL:** I caused the document(s) to be served electronically on the persons at the electronic notification addresses listed below.

☐      **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 9, 2017, at Riverside, California.

_____
Skip Allen Feild

13
STIPULATED PROTECTIVE ORDER
2:16-cv-08119-ODW-MRW