# United States District Court
# Central District of California

ANA ILAGAN,

    Plaintiff,

v.

EPIFANIA NICOLAS DDS, INC.; and EPIFANIA NICOLAS,

    Defendants.

Case No. 2:16-cv-08119-ODW (MRW)

**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE SETTLEMENT [59]**

## I. INTRODUCTION

Presently before the Court is Plaintiff's motion to reopen the case to enforce the Settlement Agreement entered by the parties ("Motion"). (ECF No. 59.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff Ana Ilagan brought an action against Defendants Epifania Nicolas DDS, Inc. and Nicolas Epifania on November 1, 2016. (Compl., ECF No. 1.) The parties first settled the action on November 3, 2017, as indicated by the Minute Order issued by U.S. Magistrate Judge Michael Wilner. (ECF No. 40.) The Court issued an order indicating that either party could move to enforce the settlement, apply to reopen

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

the action, or stipulate to extend the deadline in which to file such a motion or application by December 11, 2017. (ECF No. 42.) The parties subsequently stipulated to extend the deadline to April 30, 2018, which the Court granted. (ECF No. 44.) In granting the stipulation, the Court ordered the parties to file a status report no later than June 25, 2018. (*Id.*) When the parties failed to timely file a joint status report, the Court ordered the parties to show cause why the case should not be dismissed. (ECF No. 56.) In response, Plaintiff filed a status report indicating that the parties had once again settled. (ECF No. 57.) The Court again dismissed the matter, providing that either party could move to reopen, enforce settlement, or extend the filing or application deadline on or before August 20, 2018. (ECF No. 58.) Plaintiff's Motion followed.

### III. DISCUSSION

Plaintiff maintains that Defendants' conduct has prevented resolution of this case. Specifically, Plaintiff alleges that Defendants required the agreement be sent via USPS mail, which Plaintiff accommodated. (Mot. 3.) After sending the final settlement agreement, Plaintiff alleges that Defendants' counsel stated, "the defendant was simply too busy to read and execute the agreement." (*Id.* at 2.) Plaintiff maintains that on July 15, 2018, Defendants' counsel indicated that the agreement was signed, and a check was mailed. Yet, as of August 20, 2018, Plaintiff indicated that she has not received any such check. Accordingly, good cause exists to reopen the matter, and Plaintiff's request is **GRANTED**. The Court turns to whether to enforce the settlement.

The Supreme Court made clear in *Kokkonen v. Guardian Life Ins. Co.*, that a "proceeding to enforce a settlement requires its own basis for jurisdiction." *Hagestad v. Tragesser*, 49 F. 3d 1430, 1433 (9th Cir. 1995) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)). A district court has ancillary jurisdiction to enforce an agreement "[w]hen the parties' compliance with the terms of the settlement or the court's retention of jurisdiction are included in the terms of the dismissal order." *Id.*

The Court expressly retained jurisdiction to enforce this Settlement Agreement in the dismissal order, so the Court may enforce the settlement. (ECF No. 58.) However, jurisdiction is only one piece of the puzzle. The equally important piece—the Settlement Agreement—is nowhere to be found. In sum, counsel requests the Court to enforce a settlement, but does not include the Settlement Agreement in its papers.

At this juncture, Plaintiff's argument is sufficient to warrant reopening the case. The Court is unprepared to enforce the final settlement agreement without review. Moreover, the Court feels it is necessary to warn the parties that the conduct of both parties to this point has nearly exhausted the Court's patience. Repeated failures to effect settlement have done little more than clog the machinery of justice, interfering with the Court's ability to address the needs of the genuinely aggrieved.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to re-open the case is **GRANTED**.

Plaintiff is **ORDERED** to submit a copy of the final settlement agreement, accompanied by a Motion to Enforce Settlement no later than **February 18, 2019**. In the event Plaintiff cannot produce the final settlement order, signed by both parties, the Court will issue a revised scheduling order and the matter will proceed to trial.

**IT IS SO ORDERED.**

February 11, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**